IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATRINA MCLAMB,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Commissioner of Social Security,

    Defendant.

2:16-cv-0563-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    Plaintiff Katrina McLamb ("McLamb") seeks judicial review of the Commissioner of Social Security's final decision denying her applications for social security insurance ("SSI") and disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act (the "Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). I have

considered all of the parties' briefs and all of the evidence in the administrative record. For the reasons set forth below, the Commissioner's final decision is AFFIRMED.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process for determining whether a claimant has made the requisite demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the Administrative Law Judge considers the claimant's work activity, if any. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b). Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments. *See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c). The ability to perform basic work

activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b); *see also Bowen*, 482 U.S. at 141. If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d). If the claimant's impairments are equivalent to one of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is an estimate of the claimant's capacity to perform sustained, work-related, physical and mental activities on a regular and continuing basis, despite the limitations imposed by the claimant's impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* SSR 96-8p, 1996 WL 374184.

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If, in light of the claimant's RFC, the ALJ determines that

the claimant can still perform his or her past relevant work, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). In the event the claimant is no longer capable of performing her past relevant work, the evaluation will proceed to the fifth and final step, at which the burden of proof is, for the first time, on the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's age, education, and work experience to determine whether the claimant can perform any jobs that exist in significant numbers in the national economy. *See Bowen*, 482 U.S. at 142; see also 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. If the Commissioner meets its burden to demonstrate that the claimant is capable of performing jobs existing in significant numbers in the national economy, the claimant is conclusively found not to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. A claimant will be found entitled to benefits if the Commissioner fails to meet its burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

## LEGAL STANDARD

A reviewing Court must affirm an Administrative Law Judge's decision if the ALJ applied the proper legal standards and his findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a

conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), *citing Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

The Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* The Court may not substitute its judgment for that of the Commissioner. *See id., citing Robbins*, 466 F.3d at 882; *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the ALJ's interpretation of the evidence is rational, it is immaterial that the evidence may be "susceptible [of] more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

## BACKGROUND

Born in February, 1978, McLamb was 34 years old on her alleged onset date. Tr. 20, 249.[1] She protectively filed for SSI and DIB on August 21, 2012, alleging disability as of her filing date due to scoliosis. Tr. 213. McLamb completed the tenth grade and has past work experience as a bartender and waitress. Tr. 214.

After her applications were denied initially and on reconsideration, McLamb requested a hearing before an ALJ. Tr. 129-30. She appeared and testified before ALJ Robert Spaulding at an administrative hearing on July 10, 2014. Tr. 27-70. The ALJ also heard testimony from vocational expert ("VE") Francene Geers. Tr. 63-69. On September 26, 2014, ALJ Spaulding issued a decision finding McLamb not disabled. Tr. 11-21. The Appeals Council denied McLamb's subsequent request for review on February 1, 2016. Tr. 1-6. This appeal followed.

/////

/////

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 15.

## SUMMARY OF ALJ FINDINGS

At the first step of the five-step sequential evaluation process, the ALJ found that McLamb had not engaged in substantial gainful activity since her alleged onset date of August 21, 2012. Tr. 13. At the second step, the ALJ found that McLamb had the following severe impairments: scoliosis, cervical degenerative disc disease, lumbar degenerative disc disease, and sciatica of the left leg. *Id.* Because McLamb's impairments were deemed severe, the ALJ properly proceeded to the third step of the analysis. Tr. 13-14.

At the third step, the ALJ found that McLamb's impairments did not meet or medically equal any of the impairments listed in 20 C.F.R. § 404, subpt P, app. 1. Tr. 15. The ALJ therefore conducted an assessment of McLamb's RFC. *Id.*

The ALJ found McLamb retained the RFC to perform sedentary work with the following limitations: she can frequently push and pull with her right upper extremity; she can perform jobs with sit and stand options while remaining on task; she can frequently reach overhead with her dominant right arm and frequently finger and handle; she cannot climb ladders and scaffolds, and she should not be exposed to hazards such as moving mechanical parts and unprotected heights. Tr. 15.

At step four, the ALJ found that McLamb was unable to perform any of her past relevant work as a waitress and bartender. Tr. 20. At step five, the ALJ determined that McLamb could perform jobs that exist in significant numbers in the national economy including order clerk, charge account clerk, and taper. Tr. 20-21. The ALJ therefore concluded that McLamb was not disabled. Tr. 21.

/////

/////

## ANALYSIS

McLamb argues that the Commissioner erred because he (1) rejected her subjective symptom testimony; (2) formulated an incorrect RFC; and (3) ignored the lay witness testimony. Because the ALJ's conclusion was supported by substantial evidence, it is affirmed.

**McLamb's Testimony**

McLamb first argues that the ALJ erred in rejecting her subjective symptom testimony. The Ninth Circuit established two requirements for a claimant to present credible symptom testimony: the claimant must produce objective medical evidence of an impairment or impairments; and must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if the ALJ provides clear and convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). General assertions that the claimant's testimony is not credible are insufficient. *Id.* The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

McLamb stated that she was unable to work primarily due to limitations resulting from scoliosis. Tr. 213. She alleged that leg and back pain affected her ability to lift, pull, push, sit, and stand. Tr. 233. McLamb testified that she was diagnosed with scoliosis in the fourth grade, and was able to work as a bartender and waitress before her alleged onset date. Tr. 35-36. She testified that she can stand for five minutes at a time and adjusts positions often. Tr. 48.

7 – OPINION AND ORDER

The ALJ rejected McLamb's testimony. Tr. 16. First, the ALJ discussed medical evidence that did not support McLamb's allegations of severe symptoms and limitations. Lack of objective support from the medical record can undermine a claimant's credibility when other clear and convincing reasons are present. *See Lingenfelter*, 504 F.3d at 1040 (valid factors for doubting credibility include "whether the alleged symptoms are consistent with the medical evidence"). Here, the ALJ noted that there was no evidence of radiculopathy or pain medication use in August 2012, McLamb's alleged onset date. Tr. 16, 290. He also noted that a bone scan showed "no radiotracer update that required further attention or evaluation for surgical intervention." Tr. 17, 326 (treatment note indicating that McLamb was "neurologically intact in terms of sensation, motor strength, and reflexes"). He also noted that McLamb exhibited full motor strength in December 2012, and that her MRI showed no evidence of spinal cord narrowing or significant degenerative changes, and that nerve conduction studies were "within normal limits" in her left lower extremity. Tr. 17, 304. On this record, the ALJ reasonably concluded that McLamb's testimony was undermined by the medical evidence.

The ALJ also noted that McLamb used conservative treatment methods to manage her pain. Tr. 17-18. Evidence of conservative treatment is a relevant credibility consideration and can be sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Here, the ALJ noted that McLamb used conservative methods of pain management, and that no surgical intervention was necessary for her conditions. Tr. 17-18, 358. This finding also supports the ALJ's credibility determination. *Parra*, 481 F.3d at 751.

The ALJ also considered McLamb's "significant work history with her scoliosis." Tr. 19, 36. Activities of daily living that conflict with a claimant's testimony can provide a clear and

8 – OPINION AND ORDER

convincing reason for rejecting the claimant's credibility. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). Here, the ALJ noted that while McLamb reported that she was able to stand only 10 to 15 minutes at a time, she was able to perform strenuous work as a waitress and bartender after she was diagnosed with scoliosis. Tr. 19, 36. It was reasonable for the ALJ to conclude that "[t]hese drastic changes in self-reported abilities without significant changes in ... objective findings" undermined McLamb's credibility.

In sum, the ALJ provided legally sufficient reasons supported by substantial evidence in the record for rejecting McLamb's subjective symptom testimony. McLamb argues that the ALJ erred because he did not provide any specific reasons for his credibility determination, and that the Commissioner has provided an impermissible *post-hoc* rationalization of his findings. The court disagrees. The ALJ stated that he rejected McLamb's testimony "for the reasons explained in this decision" and proceeded to evaluate the entire medical record, including the reasons set forth above, specifically referencing the issues with McLamb's credibility. Tr. 16-19. On this record, the ALJ's credibility determination was supported by substantial evidence and is therefore affirmed.

**RFC**

McLamb next argues that the ALJ failed to identify the frequency and duration of the sit-stand option in her RFC, as required by Social Security Ruling 96-9p. The Ruling states that the RFC assessment "must be specific as to the frequency of the individual's need to alternate sitting and standing," because the occupational base for a full range of unskilled sedentary work will be eroded, in part, by the frequency of the need to alternate sitting and standing. SSR 96-9p. In such situations, "[i]t may be especially useful ... to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work." *Id.*

9 – OPINION AND ORDER

At the hearing, the ALJ consulted a vocational expert to determine whether a claimant who could perform sedentary work and remain on task while alternating between sitting and standing could perform jobs in the national economy. The VE testified that such individual could perform the jobs of order clerk, account clerk, and taper. Tr. 20-21, 65-66. The ALJ thus reasonably complied with SSR 96-9p by limiting McLamb to occupations with a "sit and stand option while remaining on task." Tr. 15.

McLamb argues that the RFC is flawed because she cannot maintain any one position for an extended period. The RFC, however, accounts for the need to change positions because it allows McLamb to sit and stand at will so long as she remains on task. Tr. 15.

McLamb points out that she would not be productive if she needed to change position every 30 seconds. The court rejects this argument. First, there is no evidence in the record to support a finding that McLamb must change positions every 30 seconds. For example, the ALJ noted that during the 70 minute administrative hearing, McLamb changed position only four times. Tr. 29, 70. Further, the ALJ's RFC indicates that McLamb must be able to sit and stand at will while remaining on task – thus, so long as McLamb remains on task, there is no limit to the frequency with which she can change position. Tr. 15.

In sum, the ALJ reasonably complied with SSR 96-9p because he indicated that McLamb would need to alternate sitting and standing and consulted a vocational expert regarding McLamb's abilities to perform work in the national economy given this limitation. The ALJ did not err in assessing McLamb's RFC.

/////

**Lay Witness Testimony**

McLamb also argues that the ALJ improperly rejected the lay opinion of her mother Gloria McLamb. The ALJ must provide germane reasons for rejecting the testimony of a lay witness. It is harmless error to ignore a lay witness's testimony where "the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims." *Molina*, 674 F.3d at 1122.

Ms. McLamb completed a third party function report describing McLamb's symptoms and limitations. Tr. 241-48. She stated that McLamb has difficulty with almost all movement, including walking, standing, bending, and squatting. Tr. 241. She also stated that McLamb lives with her parents, receives assistance caring for her children, and requires significant assistance completing household chores, basic care and grooming, and grocery shopping. Tr. 241-42, 244. Ms. McLamb also noted that McLamb rarely engaged in hobbies due to her mobility issues, and was unable to walk further than a quarter of a mile before needing to stop and rest for 15-20 minutes. Tr. 245-45.

The ALJ considered Ms. McLamb's opinion, but did not incorporate her entire opinion into the RFC. Tr. 15-16. Here, Ms. McLamb endorsed limitations that paralleled the limitations described in McLamb's testimony. For example, both endorsed difficulty with standing, moving, and working. Tr. 233, 238, 241, 246. Because the ALJ provided legally sufficient reasons for rejecting McLamb's testimony, the same evidence that the ALJ referred to in discrediting McLamb's claims also discredits Ms. McLamb's testimony. Any error in the ALJ's evaluation of the lay testimony was therefore harmless. *Molina*, 674 F.3d at 1122. The ALJ's decision is affirmed.

## CONCLUSION

The Commissioner's decision is supported by substantial evidence in the record and is therefore AFFIRMED.

IT IS SO ORDERED.

Dated this 11th day of April, 2017.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge